[No. 19783. Department Two. May 5, 1926.]

E. S. HILL et al., Appellants, v. SELAH & MOXEE IRRIGA-
TION DISTRICT, Respondent.[1]

[1] WATERS AND WATERCOURSES (102)—IRRIGATION—ACTIONS—FAIL-
URE TO SUPPLY—DAMAGES—EVIDENCE—SUFFICIENCY. Notwith-
standing the breach of a contract to furnish water for irrigation
by April 1, there can be no recovery for loss of the crop where,
by a preponderance of the evidence, the loss was not due to the
failure to furnish water, but to poor husbandry by the plaintiff.

Appeal from a judgment of the superior court for Yakima county, Nichoson, J., entered April 4, 1925, upon findings in favor of defendant in an action for damages for breach of contract. Affirmed.

[1]Reported in 245 Pac. 752.

*George B. Holden* and *Parker & Parker,* for appellants.

*Ralph B. Williamson,* for respondent.

MAIN, J.—By this action the plaintiffs seek to recover damages for an alleged breach of a contract to supply them with water for irrigation purposes. The cause was tried to the court without a jury and resulted in findings of fact, conclusions of law and a judgment denying recovery. From a judgment dismissing the action the plaintiffs appeal.

[1] The appellants are owners of fifty-one acres of land upon which they were entitled to water for irrigation purposes during the irrigation season, which by the contract was fixed as beginning on the first day of April and ending on the first day of November of each year. On January 18, 1923, the appellants wrote the respondent a letter in which they stated, among other things, that they were going to set out considerable nursery stock in the spring, and that they would need water delivered to their lands early in the season. The planting began on March 29 and was finished on April 5. Approximately four acres of grafts were planted. Water was turned into the ditch at the intake some two miles above the appellants' property on the 2nd day of April, but did not rise to sufficient height for appellants to get all the water they needed until approximately the 13th. Had a check been placed in the ditch below the appellants' head gate, there would have been an abundance of water after April 3.

The nursery crop, according to the claim and the evidence on behalf of the appellants, was very largely a failure on account of the fact that they did not get water in time. According to the contention of the respondent, the loss was due not to the lack of water, but the failure on the part of the appellants to exer-

cise good husbandry, in packing, in caring for the grafts, in preparing the soil and in planting and cultivating. Upon the conflicting evidence the trial court found:

"That the moisture content of the soil in 1923 was such that live apple grafts properly planted in soil properly prepared should and did live in the locality without irrigation for a period of thirty days after planting. That the plaintiffs did not exercise good husbandry in the packing and caring of said grafts, in the preparation of the soil, in the planting of said grafts and in the cultivation of said grafts after planting, and that the loss complained of, could be, and more reasonably is attributable to such lack of good husbandry than to any other cause."

There is a further finding "that the loss sustained by the plaintiffs was not due to the lack of irrigation water." If these findings are true, then the appellants have no cause of action against the respondent, assuming, but not deciding, that the contract required the furnishing of water on April 1, even though this was some time prior to when the irrigation season would generally begin. It would unduly extend this opinion and serve no useful purpose to here undertake to review the conflicting evidence offered by the respective parties. After diligent consideration of the same, we are of the opinion that the trial court's findings are supported by the preponderance thereof. If the crop failure was due to lack of good husbandry in packing and caring for the grafts and the preparation of the soil and in the planting and cultivation of the grafts, and not due to the lack of water under any view of the case, the appellants could not prevail.

We are invited by the respondent to construe the contract as not requiring the furnishing of water prior to the opening of the irrigation season, where the water is desired for a specific purpose without definite notice

having been given. Since our view of the facts coincides with that of the trial court, and since that is determinative of the cause, it seems best to us to leave the construction of the contract until that question is more nearly directly involved in the determination of a controversy.

The judgment will be affirmed.

TOLMAN, C. J., PARKER, MACKINTOSH, and MITCHELL, JJ., concur.